LNE 12.12.23
JIH: USAO 2023R00626

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. SAG 23cr454 |
| v. | * | |
| | * | (Possession of a Firearm and |
| AVON ALLEN, | * | Ammunition by a Prohibited Person, |
| | * | 18 U.S.C. § 922(g)(1); Possession with |
| Defendant. | * | Intent to Distribute a Controlled |
| | * | Substance, 21 U.S.C. § 841(a)(1); |
| | * | Possession of a Firearm in |
| | * | Furtherance of a Drug Trafficking |
| | * | Crime, 18 U.S.C. § 924(c)(1)(A)(i); |
| | * | Forfeiture, 18 U.S.C. § 924(d), 21 |
| | * | U.S.C. § 853, 28 U.S.C. § 2461(c)) |

*******

## INDICTMENT

### COUNT ONE
(Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about September 7, 2023, in the District of Maryland, the Defendant,

**AVON ALLEN**,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a Springfield Armory model XD-9 9mm handgun, bearing serial number GM815583, and approximately seventeen 9mm cartridges of ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT TWO
### (Possession with Intent to Distribute a Controlled Substance)

The Grand Jury for the District of Maryland further charges that:

On or about September 7, 2023, in the District of Maryland, the Defendant,

**AVON ALLEN,**

did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propanamide, also known as fentanyl, a schedule II controlled substance; a mixture or substance containing a detectable amount of heroin, a schedule I controlled substance; and a mixture or substance containing a detectable amount of cocaine, a scheduled II controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT THREE
**(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)**

The Grand Jury for the District of Maryland further charges that:

On or about September 7, 2023, in the District of Maryland, the Defendant,

### AVON ALLEN

did knowingly possess a firearm, to wit, a Springfield Armory model XD-9 9mm handgun, bearing serial number GM815583, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), as alleged in Count Two of this Indictment.

18 U.S.C. § 924(c)(1)(A)(i)

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under any of the offenses charged in Counts One through Three of this Indictment.

### Narcotics Forfeiture

2. Upon conviction of the offense alleged in Count Two of this Indictment, the Defendant,

**AVON ALLEN,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and

   b. any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such offense.

### Firearms and Ammunition Forfeiture

3. Upon conviction of the offense(s) alleged in Counts One or Three of this Indictment, the Defendant,

**AVON ALLEN,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense(s).

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to, the following:

4

    a. a Springfield Armory model XD-9 9mm handgun, bearing serial number GM815583; and

    b. approximately seventeen cartridges of 9mm ammunition.

### Substitute Assets

5. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

                                                  Erek L. Barron
                                                  United States Attorney

A TRUE BILL:

SIGNATURE REDACTED
Foreperson                        12-13-23
                                     Date